IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>ALBERT V. PERKINS,<br><br>               Defendant. | Case No. 17-00087-01-CR-W-SRB |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Thomas M. Larson, Acting United States Attorney and David A. Barnes, Assistant United States Attorney, and respectfully offers the court the following background, points, authorities, and arguments in support of its recommendation that defendant Perkins be sentenced to a sentence of time served (approximately 10 months to date) with a three(3) year term of supervised release.

### I. BACKGROUND

On March 7, 2017 the Grand Jury indicted Perkins on one count for a walk away escape. Perkins has been in custody since February 22, 2017 after he was charged via complaint filed on February 17, 2017.

**A. The Plea**

On August 31, 2017, Perkins pled guilty before this Court, pursuant to a written plea agreement (Doc. 23), to Count One of the indictment, which charged the defendant with escape from the halfway house where he was completing his 120 month sentence for the crime of bank robbery, in violation of Title 18, United States Code, Section 2113(a), out of Case No. 09-00167-01-CR-W-NKL.

Perkins stipulated as part of the "Factual Basis" for the plea (Plea Agrmt.[1] ¶ 3), the following facts, among others:

On or about February 15, 2017, in the Western District of Missouri, the defendant, Albert V. Perkins, did knowingly and willfully escape from custody at the Heartland Center for Behavioral Change, 1514 Campbell Street, Kansas City, Missouri, an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the Western District of Missouri upon conviction for the crime of bank robbery, in violation of Title 18, United States Code, Section 2113(a), Case No. 09-00167-01-CR-W-NKL.

More specifically, on February 15, 2017, Perkins walked away from the Heartland Residential Re-Entry Center (RRC), a half-way house located at 1514 Campbell Street, Kansas City, MO 64108. PERKINS' scheduled release date from the RRC was on January 22, 2018 as he was still serving his underlying sentence and was not yet on supervised release. Perkins escape was documented by Melissa Acevedo, Community Corrections Manager for the Bureau of Prisons (BOP), who informed the United States Marshal's Service (USMS) of the escape of Albert V. Perkins. Acevedo informed USMS personnel that Perkins was present for the 15:23 head count and 19:30 head count on February 15, 2017. At 0001 hours, February 16, 2017, Perkins could not be located. Acevedo reported Perkins was not given any passes for leave from the Residential Re-Entry Center (RRC) and was therefore considered an escapee. Perkins voluntarily returned to the halfway house on his own on February 18, 2017, less than 96 hours from his initial escape on February 15, 2017.

---

[1] "PA" refers to indicated paragraphs in the written plea agreement signed by the defendant on August 31, 2017.

B.     The Presentence Investigation Report

In the subsequent court-ordered Presentence Investigation Report[2], the following additional facts remain uncontested by Perkins:

> On February 18, 2017, **Perkins** voluntarily returned to the RRC, less than 96 hours from his escape. The USMS subsequently responded to the RRC and **Perkins** was transported to the Independence Police Department, Independence, Missouri, to be held until Monday, February 21, 2017, when he could be transported to the USMS on the BOP (PSR ¶ 5);
>
> On February 21, 2017, **Perkins** was questioned regarding the escape from the RRC. At that time, **Perkins** reported that when he got off work from Arthur Bryant's Barbecue on February 15, 2017, he saw a female acquaintance he used to date. **Perkins** went back to the RRC and checked in; however, when he went for a smoke break, the acquaintance was outside. **Perkins** and his acquaintance then left and stayed at a hotel for two days, where they drank alcohol, smoked marijuana, used cocaine, and engaged in sex. **Perkins** stated he returned to the RRC on February 18, 2017. (PSR ¶ 6);

Perkins' final Guideline calculation resulted in an offense level of 11, a Criminal History Category of VI, and a suggested Guideline imprisonment range of 27-33 months. (PSR ¶ 58.) The Government is asking for a sentence of time served (approximately 10 months) with three years of supervised release to follow. Such a sentence is on the high end of the contemplated Guidelines, negotiated by the parties in good faith, when the case was pled in August of 2017.

Unlike the Probation Office, the parties contemplated a 7 level reduction under the Guidelines as Perkins voluntarily returned to the halfway house within 96 hours of his walk away escape. See U.S.S.G. § 2P1.3.

---

[2] "PSR" will refer to paragraphs of the final Presentence Investigation Report (Doc. 24) which were *not* objected to by the defendant.

## II.     ARGUMENT

A.     Sentencing Factors Under § 3553

   1.     **The Nature and Circumstances of the Offenses and the Need for a Lengthy Sentence to Reflect their Seriousness (§ 3553(a)(1) and (2)(A)).**

Perkins' offense was less serious that other escapes. He walked away from a non-secure facility and voluntarily returned himself within 96 hours of his walk away escape. This is in contrast to a violent escape or even the vast majority of walk away escapes where the escapee does not voluntarily return himself to custody and is only apprehended after considerable efforts by law enforcement and/or being arrested on unrelated charges. Perkins admitted walking away and provided a candid context for doing when he subjected himself to a voluntary interview with the United States Marshal's Service.

   2.     **The History and Characteristics of the Defendant and the Need to Keep the Community Safe from Him in the Future (§ 3553(a)(1) and (2)(C)).**

The defendant's offense reflects poor decision making given the amount of time he had already served with the BOP as he was winding down his 120 month sentence. As such, the nature and characteristics of the offense reflect a need for some imprisonment and further supervision where he can prove he can follow the lawful orders/directives of this Court, or continue to suffer the consequences. Taken as a whole, Perkins has earned the approximately 10 months he has served and with have an appropriate opportunity to succeed … or fail, during the anticipated three (3) year term of supervised release.

   3.     **The Need for the Sentence Imposed to –**

      a.     **Reflect Seriousness of the Offense, Provide Just Punishment, and Promote Respect for the Law**

A sentence of approximately 10 months (time served) , the high end of the defendant's contemplated Guidelines, is what is needed to reflect the seriousness of the offenses and all of the

4

attendant relevant conduct by the defendant which is known to the court and set out in the PSR. The contemplated Guideline range (6-12 months) negotiated by the parties, appropriately recognize the seriousness of the harm perpetrated and the sentence is within the statutory range. This sentence is a just sentence that will command respect for the law.

### b. Promote Adequate Deterrence

To the extent that escapees like Perkins pay attention to sentences in the criminal justice system, the specter of the imposition of the requested 10 month sentence for the instant offense involving the walk away from a halfway house, despite returning within 96 hours, should act as a general deterrent to others contemplating similar conduct. Only time will tell if such a sentence will ultimately specifically deter the defendant from future criminal activity. Hopefully, the likelihood of further imprisonment should he violate the terms of his supervised release will deter Mr. Perkins.

### c. Protect the Public from Further Crimes of the Defendant

The defendant's danger to society in the instant case was mitigated by his voluntary return to the halfway house. While it is clear from the PSR that Perkins is not a stranger to violent behavior, his age, the passage of time and certainty of a significant term of incarceration should he violate his terms of supervised release can assure the safety of the public going forward.

### d. Provide Training, Medical Care and Treatment to the Defendant

The Bureau of Prisons is able to provide training, medical care and treatment as is the Probation Office if the defendant wants to avail himself of the same. It is clear the defendant, should obtain all treatment, training and guidance he can from his Probation Officer and the resources they will harness for him in the community.

### e. Avoid Sentencing Disparity

There is no danger that this time served sentence which is functionally equivalent to a 10 month sentence for this defendant under the facts of this case would create any sentencing disparity. In fact, the contemplated Sentencing Guidelines recommended 6-12 months. Therefore, a sentence of what is essentially 10 months, with a three (3) year term of supervised release is reasonable and appropriate in the instant case.

## II. CONCLUSION

For the reasons and arguments outlined above Perkins has earned and deserves a 10 month sentence of incarceration, a three (3) year term of supervised release and a promise by this Court that any violation while on supervised release is like to cause swift, certain and sure punishment in the form of further incarceration.

Respectfully submitted,

Thomas M. Larson
Acting United States Attorney

By    /s/ *David A. Barnes*

David A. Barnes
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 E. 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on December 15, 2017, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

        /s/ *David A. Barnes*
        David A. Barnes
        Assistant United States Attorney