# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-00087-01-CR-W-SRB |
| ALBERT V. PERKINS, | ) ) ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM: MOTION AND SUGGESTIONS IN MITIGATION OF SENTENCE

COMES NOW the defendant, Albert V. Perkins, by and through counsel, William J. Raymond, in accordance with Rule 32, Fed. R. Crim. P., and hereby requests the Court to consider a time served sentence. Mr. Perkins has been in custody for 10 months, since February 18, 2017. In support, Mr. Perkins offers the following:

## BRIEF HISTORY

Mr. Perkins entered a plea of guilty to one count of escape. The statutory range of punishment for the Court to consider is not more than five years of imprisonment and not more than three years of supervised release. The advisory guideline range as recommended by the U.S. Probation Office is 12 to 18 months of imprisonment. Mr. Perkins has an objection pending, consistent with the plea agreement, that the guideline range should be 6-12 months.

## SUGGESTIONS SUPPORTING NON-GUIDELINE SENTENCE

The advisory sentencing guidelines are a factor for the Court to consider but a district court may not begin with the presumption that those guidelines are reasonable. United States v. Alvizo-

1

Trujillo, 521 F.3d 1015, 1018-1019 (8th Cir.2008)(citing United States v. Gall, 128 S.Ct. 586, 596-597 (2007) and United States v. Rita, 127 S.Ct. 2456 (2007)). In this case, a number of mitigating factors would warrant a sentence below the sentencing guideline range.

In imposing any sentence 18 U.S.C. § 3553 generally directs that the Court shall impose a sentence sufficient, but not greater than necessary. Among the factors for the Court to consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford an adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. (See 18 U.S.C. § 3553(a)). An analysis of these factors demonstrates that a sentence of time served is appropriate in this case.

**The nature and circumstances of the offense and the history and characteristics of the defendant**

Mr. Perkins is a forty-seven year old man. He is the son of Diane McKenzie and Albert Thomas. Mr. Perkins was raised by his mother until approximately the age of 5, when he and his brother were removed from their home due to physical abuse by their stepfather, Ivy McKenzie. The children moved to Sacramento, California with their foster parents until, they were placed with their maternal grandmother approximately three years later.

Mr. Perkins lived with his grandmother for roughly two years, during which he was placed in an inpatient treatment program for mental health issues. When Mr. Perkins was released his moved in with his father until he ran away at the age of 15. Mr. Perkins currently has no relationship with his father and has limited contact with his mother. Mr. Perkins has one daughter and grandson whom he keeps in contact with.

Mr. Perkins has suffered from mental health and substance abuse issues for years. Mr.

2

Perkin stated he has been committed to two mental institutions, St. Mary's and a facility in Nevada, Missouri, at the age of 10. Although Mr. Perkins also has a substance abuse issue, he has participated in many treatment plans: Imani House in September 2008, Renaissance West in December 2008, three separate placements in the Missouri Department of Corrections Institutional treatment programs, 500- hours with Bureau of Prisons and 18 month Life Connections Program offered by the Bureau of Prisons in Terre Haute, Indiana.

Mr. Perkins continue to seek treatment and even returned to Heartland Behavioral Center for Behavioral Change, Residential Reentry Center after leaving for 96 hours.

**Reflect the seriousness of the offense; to promote respect for the law, and to provide a just punishment for the offense and to protect the public from further crimes of the Defendant**

Mr. Perkins pled guilty to one count of escape. After he left the half-way house Mr. Perkins voluntarily returned. Mr. Perkins was gone less than 72 hours. A sentence of time served would adequately reflect the seriousness of the offense. Mr. Perkins has been in custody for 10 months, since February 18, 2017. A guideline sentence is not necessary to protect the public from further crimes of Mr. Perkins. In actuality, despite the label of the charge, Mr. Perkins's crimes stem from his mental health and substance abuse issues.

**Deterrence**

The empirical evidence is unanimous that there is no relationship between sentence length and general or specific deterrence, regardless of the type of crime. *See* Andrew von Hirsch *et al.*, *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999) (concluding that "correlations between sentence severity and crime rates . . . were not sufficient to achieve statistical significance," and that "the studies reviewed do not provide a basis for inferring that

3

increasing the severity of sentences generally is capable of enhancing deterrent effects"); Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-29 (2006) ("[I]ncreases in severity of punishments do not yield significant (if any) marginal deterrent effects. . . . Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence."); David Weisburd *et al.*, *Specific Deterrence in a Sample of Offenders Convicted of White-Collar Crimes*, 33 Criminology 587 (1995) (finding no difference in deterrence for white collar offenders between probation and imprisonment); Donald P. Green & Daniel Winik, *Using Random Judge Assignments to Estimate the Effects of Incarceration and Probation on Recidivism among Drug Offenders*, 48 Criminology 357 (2010) (study of over a thousand offenders whose sentences varied substantially in prison time and probation found that such variations "have no detectable effect on rates of re-arrest," and that "[t]hose assigned by chance to receive prison time and their counterparts who received no prison time were re-arrested at similar rates over a four-year time frame"). When it comes to general deterrence, certainty of punishment is more important than severity of punishment. Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Just. 1, 30 (2006). Increases in the severity of punishment seldom, if ever, prevent crime. *Id* at 29. A sentence of time served (over 10 months) would adequately reflect the seriousness of the offense. Mr. Perkins has been in custody for 10 months, since February 18, 2017.

## CONCLUSION

When determining the appropriate sentence the court is required to ***impose a sentence sufficient but not greater than necessary***. A review of Mr. Perkins's case in light of the sentencing factors enumerated in 18 U.S.C. § 3553 demonstrates that a sentence of time served is warranted in this case. Mr. Perkins has been in custody for 10 months, since February 18, 2017. Further,

4

a sentence of time served would provide adequate deterrence to criminal conduct while sufficiently protecting the public from further crimes. For these reasons, Mr. Perkins requests that the court impose a sentence of time served.

Respectfully submitted,

 */s/ William J. Raymond*
William J. Raymond
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that one copy of the foregoing motion was electronically delivered to David Barnes, Assistant U.S. Attorney, Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, on this 18th day of December, 2017.

*/s/William J. Raymond*
WILLIAM J. RAYMOND